HARRY HALPER, Appellant, v. ABRAHAM A. CANTOR and BERTHA CANTOR,

Respondents.— Judgment dismissing complaint reversed upon the law and the facts, with costs, and judgment of foreclosure and sale directed for plaintiff, with costs. The bond and mortgage were signed and given to Finkelstein, with the name of the obligee and mortgagee blank, for the purpose of raising money in such manner as Finkelstein saw fit. The proof does not show that there were any limitations or conditions upon which the bond and mortgage were so delivered. Finkelstein's acts in filling in his own name as obligee and mortgagee and assigning the bond and mortgage to plaintiff were within the scope of his authority. There was, therefore, no equity in favor of defendants as against plaintiff. Furthermore, in signing and delivering the bond and mortgage as above stated, in conjunction with her husband, defendant Bertha Cantor lost her rights by estoppel attributable to the negligence of both husband and wife. (*People's Trust Co.* v. *Smith*, 215 N. Y. 488, 491, 493.) Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and appropriate conclusions will be made. Lazansky, P. J., Kapper and Hagarty, JJ., concur; Rich and Young, JJ., dissent, being of opinion that plaintiff took the mortgage by assignment, subject to all equities and defenses, but, inasmuch as the proceeds of plaintiff's mortgage were applied, to the extent of $2,000, in satisfaction and discharge of a mortgage on the property of defendant Bertha Cantor, which was concededly valid, plaintiff's mortgage should be upheld to that extent. Settle order on notice.